UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW SPINELLI,

    Plaintiff,

v.                                                Case No. 22-C-220

JEFFERSON COUNTY, et al.,

    Defendants.

# ORDER

    The plaintiff, a prisoner who is currently representing himself, has filed a civil action. The plaintiff has also filed a motion for leave to proceed without prepaying the full filing fee, or to proceed *in forma pauperis*. The cost of filing a civil action in federal court is $402.00, which includes the $350.00 statutory filing fee and a $52.00 administrative fee. The $52.00 administrative fee does not apply to persons granted *in forma pauperis* status. Under the Prison Litigation Reform Act (PLRA), prisoner plaintiffs who bring a civil action must pay the statutory filing fee of $350. *See* 28 U.S.C. §1915(b)(1). Prisoner plaintiffs proceeding without prepayment of the filing fee (*in forma pauperis*) may pay that fee over time. *See* 28 U.S.C. §1915(b)(2). However, if denied *in forma pauperis* status, the prisoner shall pay the full $402.00 filing fee. The amount of the filing fee can be recovered as part of the costs of the action in the event the plaintiff ultimately prevails.

    The plaintiff filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint as required under 28 U.S.C. §1915(a)(2). A review of this information reveals that, for the six-month period immediately preceding the

filing of the complaint, the average monthly deposit in the plaintiff's prison account was $ 2,986.65 and the average monthly balance to the account was $ 1,366.88. If the Court were to calculate the fee to be paid in accordance with the provisions of 28 U.S.C. § 1915(b)(1), the amount would calculate to a fee that exceeds the $402.00 fee to file a civil action. Therefore, in accordance with the provisions of 28 U.S.C. §1915(b)(1), the motion to proceed without prepayment of the filing fee is DENIED and plaintiff is required to pay the full $402.00 filing fee because he has sufficient funds to do so.

The PLRA also provides that, if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the plaintiff will be prohibited from bringing any other actions *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury. 28 U.S.C. §1915(g). In the event this action is later dismissed for any of the above reasons, it may have an impact on the plaintiff's ability to bring other actions *in forma pauperis*. Accordingly, the plaintiff will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under §1915(g).

**Notice to Plaintiff.** If you do not wish to proceed with this action to avoid incurring a "strike" under §1915(g), you must notify the court by filing a letter with the Clerk of Court on or before 30 days from the date of this order. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under §1915(g); however, under §1915(b)(1), you are still required to pay the $350 statutory filing fee.

The plaintiff is advised that, if the complaint is screened and is immediately dismissed because it fails to state a claim upon which relief can be granted or for any other reason, the court will not refund the plaintiff's filing fee. The plaintiff will still be required to pay the entire $350 filing fee and risk incurring a strike.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the motion to proceed without prepayment of the filing fee is DENIED and the plaintiff is assessed the full $402.00 fee for filing this case. On or before 30 days from the date of this order, the Court must receive the plaintiff's payment of $402.00. If the plaintiff encounters challenges in requesting payment from his account or is otherwise not able to submit the assessed amount, he must notify the Court before the deadline. If the Court does not receive the filing fee by the deadline, the Court will dismiss this action based on the plaintiff's failure to pay the filing fee.

**IT IS FURTHER ORDERED** that, if within 30 days from the date of this order the plaintiff notifies the court in writing that he wants to voluntarily dismiss the case, the case will be closed without prejudice to the plaintiff filing this case at a later date. Voluntary dismissal will not be counted as a "strike" under §1915(g); however, pursuant to 28 U.S.C. §1915(b)(1), the plaintiff will be required to pay the $350 statutory filing fee.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that no further action will be taken in this case until the deadline for paying the filing fee as directed above has passed.

In addition, *the parties must notify the Clerk of Court of any change of address*. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 8th day of March, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge