UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW SPINELLI,

        Plaintiff,

        v.                                        Case No. 22-C-220

JEFFERSON COUNTY and
JOHN DOES,

        Defendants.

## SCREENING ORDER

Plaintiff Andrew Spinelli, who is currently serving a state prison sentence at the Jefferson County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Spinelli paid the $402 civil case filing fee on March 11, 2022. The Court will screen Spinelli's complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at

least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Spinelli asserts that he is being held in the Jefferson County Jail on a parole revocation charge for "a minor and petty substance abuse allegation." Dkt. No. 1 at 2. He explains that, when he requested that counsel represent him at the revocation hearing, he was told (Spinelli does not state by whom) that counsel would not be provided because Jefferson County had "exhausted resources." *Id.* at 1-2.

Spinelli also alleges that he "has been in custody for a period of over 50 days without a revocation hearing." *Id.* at 6. He asserts that under Wis. Stat. §302.335(2), a parole revocation hearing should have been held within fifty calendar days of his detainment in the jail. According

2

to Spinelli, he wrote to the Sheriff's Office demanding that he be released, but the Sheriff responded that the statute is a "guideline" and that his release is not required. *Id.* at 7. Spinelli seeks compensatory damages, punitive damages, and injunctive relief.

### THE COURT'S ANALYSIS

The United States Supreme Court has held that federal courts must "abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Tobey v. Chibucus*, 890 F.3d 634, 651 (7th Cir. 2018) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Abstention is required only if the state proceedings: (1) are ongoing at the time the federal lawsuit is initiated; (2) involve important state interests; and (3) will provide the plaintiff with an opportunity to raise federal constitutional questions. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Given that all three prongs are satisfied, the Court must abstain from taking jurisdiction of this case. First, according to Spinelli, as of the date he filed his complaint, there had yet to be a revocation hearing, meaning that the state court proceedings were pending when he initiated this case. Next, the revocation proceedings involve important state interests, namely that people abide by the terms of their conditional supervised release. And, finally, there is no suggestion that Spinelli cannot raise his claims that he is being improperly held and that he is entitled to counsel in a state court forum. As such, Spinelli's complaint, which asks the Court to interfere with his ongoing probation revocation proceedings, must be dismissed without prejudice. *See Tobey*, 890 F.3d at 651 (citing *Sarlund v. Anderson*, 205 F.3d 973, 975 (7th Cir. 2000), for the proposition that "section 1983 claims may be barred by *Younger* abstention when a plaintiff seeks to derail an ongoing probation revocation proceeding"); *see also Hale v. Pate*, 694 F. App'x 682 (11th Cir. 2017).

3

**IT IS THEREFORE ORDERED** that this action is **DISMISSED without prejudice** because *Younger* requires that the Court abstain from taking jurisdiction.

**IT IS FURTHER ORDERED** that Spinelli's motion for a preliminary injunction/temporary restraining order (Dkt. No. 3) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 24th day of March, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
